REAL ESTATE TRAINING INTER-
NATIONAL, LLC, d/b/a Arman-
do Montelongo Seminars

v.

The NICK VERTUCCI COMPANIES,
INC. et al.

Case No. SACV 14–0546 AG (DFMx)

United States District Court,
C.D. California.

Signed August 14, 2015

Andrew J. Moon, Joseph Wesley Hues-ser, II, Nathaniel C. Corbett, Education Management Services LLC, Henry B. Gonzalez, III, Gonzalez Chiscano Angulo and Kasson PC, San Antonio, TX, Brittany L. McCarthy, Jeffrey D. Cawdrey, Gordon and Rees LLP, Los Angeles, CA, Kimberly Diane Howatt, Gordon and Rees LLP, San Diego, CA, for Real Estate Training International, LLC.

Andrew D. Tsu, Madison S. Spach, Jr., Spach Capaldi and Waggaman LLP, Newport Beach, CA, Christopher M. Hodge, Clint A. Corrie, Akerman LLP, Dallas, TX, Karen Palladino Ciccone, Akerman Senterfitt LLP, Los Angeles, CA, Nefertari S. Rigsby, Akerman LLP, Miami, FL, for The Nick Vertucci Companies, Inc. et al.

Proceedings: [IN CHAMBERS]
ORDER DENYING MOTION
TO DISQUALIFY COUNSEL

ANDREW J. GUILFORD, Judge

Before the Court is a motion seeking to deprive a party of its chosen counsel. These disqualification motions come with a high risk of improper motivation,

such as eliminating formidable opponents, disrupting or harassing the adversary, increasing litigation costs, or distracting from the important issues. *See* Richard Flamm, Lawyer Disqualification: Conflicts and Other Bases § 25.1 (listing various tactical motivations for bringing a disqualification motion). State bar associations have responded to this risk in various ways, including by deviating from the ABA model rules to further protect parties against gamesmanship. Under California rules, parties may avoid the disqualification of their lawyers by consenting to their lawyers' serving as witnesses. When, as here, such consent is given, the analysis should end.

In this case, Plaintiff Real Estate Training International, LLC ("RETI") asserts various claims against Defendants The Nick Vertucci Companies, Inc. and Nick Vertucci ("Defendants") concerning the dissolution of their business relationship. Defendants filed several counterclaims against RETI and its owner, Armando Montelongo. Defendants now move to disqualify Andrew Moon as counsel for RETI. ("Motion," Dkt. No. 87.) Defendant argues that Moon is a necessary witness on important issues in the case.

■ There are several major problems with the Motion, beginning with its failure to recognize the controlling law. Defendants rightly note that "attorneys appearing before this Court must 'comply with the standards of professional conduct required of members of the State Bar of California'" (Motion at 3:10–13 (quoting Local Rule 83–3.1.2)), but then mention California Rule of Professional Conduct 5–210, the controlling standard, only in a footnote. Instead, they apply ABA Model Rule 3.7. Much to the chagrin of countless practitioners inside and outside of California, however, California has not adopted the ABA model rules. *See* Richard Acello, *New York Makes Itself a 'Model' State*,

ABA Journal (Sept. 2, 2009), http://www.abajournal.com/magazine/article/new_york_makes_itself_a_model_state ("California is the only state that has not adopted either the form or substance of the ABA Model Rules of Professional Conduct.") In California, like it or not, California rules apply. And here, the California rule works well.

■ The key distinction between ABA Model Rule 3.7 and California Rule 5–210 is that the latter provides an exception to the attorney-advocate rule when an attorney obtains informed consent. The informed-consent exception was originally added to former California Rule of Professional Conduct 2–111—Rule 5–210's predecessor—in response to *Comden v. Superior Court*, 20 Cal.3d 906, 145 Cal.Rptr. 9, 576 P.2d 971 (1978). In *Comden*, the California Supreme Court upheld a trial court decision disqualifying a lawyer who was a potential witness. In adding the exception to Rule 2–111, the State Bar intended to curtail abusive disqualification motions in the aftermath of *Comden* and to protect clients' rights to choose their own counsel. In many cases, such as this one, the exception is dispositive.

Regrettably, a few outlying California cases have deviated from Rule 2–111 and invented carve-outs that are absent from the language of the rule. In *Lyle v. Superior Court*, for example, the Court of Appeal held that "if a party is willing to accept less effective counsel because of the attorney's testifying, neither his opponent nor the trial court should be able to deny this choice to the party without a convincing demonstration of detriment to the opponent or injury to the integrity of the judicial process." 122 Cal.App.3d 470, 482, 175 Cal.Rptr. 918 (1981). But Rule 2–111 said nothing about considering detriment to the opponent or injury to the integrity of the judicial process. Indeed, the rule

seemingly reflected the view that "[s]uch disadvantage enures to the detriment of the party being represented by the lawyer serving such a dual function." *Smith, Smith, & Kring v. The Superior Court of Orange County,* 60 Cal.App.4th 573, 578, 70 Cal.Rptr.2d 507 (Cal.Ct.App.1997). Whether or not courts agree with the wisdom of the rule, it is not their province to add to it.

■ The confusion created by cases like *Lyle* persists today in the application of Rule 5–210. Like its predecessor, Rule 5–210 contains no carve-outs from the informed-consent provision, despite outlying cases seeking to create such a carve-out. Rule 5–210 says in relevant part:

> A member shall not act as an advocate before a jury which will hear testimony from the member unless:
>
> (A) The testimony relates to an uncontested matter; or
>
> (B) The testimony relates to the nature and value of legal services rendered in the case; or
>
> (C) The member has informed, written consent of the client.

Cal. R. Prof. Conduct 5–210. In other words, under the plain language of Rule 5–210(C), informed consent ends the inquiry.

■ In response to the pending Motion, Plaintiffs have agreed to provide informed, written consent in the event that Moon becomes a necessary witness at trial. The Court doesn't consider now whether Moon will be a necessary witness who must testify. Regardless, Plaintiffs' agreement to consent, if necessary, to Moon's continued representation is sufficient under California Rule of Professional Conduct 5–210 to defeat this motion.

The Motion is DENIED.